**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

SARA ELIZABETH CALDER FORD                                          PLAINTIFF

V.                                                  CIVIL ACTION NO. 1:14-CV-69-SA-DAS

MISSISSIPPI METHODIST SENIOR SERVICES, INC.
d/b/a TRINITY PERSONAL CARE CENTER                            DEFENDANT

**MEMORANDUM OPINION**

Sara Elizabeth Calder Ford commenced this lawsuit against her former employer, Mississippi Methodist Senior Services, alleging that she was terminated because of her age in violation of the Age Discrimination in Employment Act ("ADEA"). Defendant has filed a Motion for Summary Judgment [36]. The Court has considered the motion, responses, rules, and authorities, and finds as follows:

*Factual and Procedural Background*

Trinity Place Retirement Community, located in Columbus, Mississippi, is comprised of three different facilities falling under the broader corporate umbrella of Mississippi Methodist Senior Services. Plaintiff, a registered nurse ("RN"), was hired in November 2011 by Stan Maynard, Trinity's Executive Director. She served as Resident Services Coordinator for one of the three facilities, Trinity Personal Care Center.

The following year, Maynard suggested to Alan Brown, the Chief Operating Officer of Mississippi Methodist Senior Services, that Plaintiff be replaced by a licensed practical nurse ("LPN"), who would not require as high of a salary. Maynard officially made the decision to replace Plaintiff approximately eighteen months after she began her employment. Though Maynard and Plaintiff both testified to some tension in their relationship, Maynard asserts that

the decision to replace Plaintiff was made purely as a cost-saving measure. At the time of the decision, Plaintiff was fifty-seven, and her replacement was thirty-eight.

Plaintiff commenced this action, alleging discriminatory termination in violation of the ADEA. Plaintiff asserts that she was replaced by a younger employee, that Maynard disfavored older employees, and that actual cost savings generated by her termination were significantly less than Defendant has articulated. In the pending motion, Defendant argues that no genuine issue of material fact exists such that summary judgment should be granted.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "set forth 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Importantly, conclusory allegations, speculation,

unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Discussion and Analysis*

The ADEA provides civil remedies to an employee who is discharged "because of" her age. 29 U.S.C. § 623(a)(1). A successful ADEA claim requires proof that "but for" the alleged discrimination, Plaintiff would not have been terminated. *Squyres v. Heico Cos.*, 782 F.3d 224, 232 (5th Cir. 2015) (quoting *Burrage v. United States*, --- U.S. ---, 134 S. Ct 881, 889, 187 L. Ed. 2d 715 (2014)). Here, Plaintiff seeks to prove discriminatory termination with circumstantial evidence, and is thus tasked with navigating the familiar *McDonnell Douglas* conceptual framework. *Miller v. Raytheon Co.*, 716 F.3d 138, 144 (5th Cir. 2013) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1978)).

Within the *McDonnell Douglas* contours, Plaintiff must first establish a prima facie case of discrimination, "at which point, the burden shifts to [Defendant] to articulate a legitimate non-discriminatory reason for the employment decision." *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007). If Defendant meets this burden of production, Plaintiff must introduce competent evidence from which a jury could infer that Defendant's proffered justification is false and merely a pretext for discrimination or that even if its reason is true, Plaintiff was nonetheless terminated "because of" her age. *Miller*, 716 F.3d at 144.

To establish her prima facie case, Plaintiff must show she: (1) was discharged, (2) was qualified for the position previously held, (3) was at least forty years old, and (4) was replaced by someone younger, replaced by someone outside the protected class, or otherwise discharged

"because of" her age. *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 455 (5th Cir. 2011) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)). Defendant does not challenge Plaintiff's prima facie case for summary judgment purposes. Indeed, the record supports that Plaintiff was discharged, and there is no indication that she was not qualified. Additionally, Plaintiff, aged fifty-seven, was replaced by a nurse nineteen years her junior.

To satisfy its burden of producing a legitimate non-discriminatory justification for Plaintiff's termination, Defendant advances that Plaintiff was discharged for strictly economic reasons. The Defendant's burden in this regard "is one of production, not persuasion," and it "involve[s] no credibility assessment." *Squyres*, 782 F.3d at 231 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)) (alteration in original). It is undisputed that Defendant saved money by replacing Plaintiff with an LPN, and thus, the Court finds that Defendant has discharged its burden, and that Plaintiff must now bring forth evidence that Defendant's reason is pretext or that her termination was otherwise a product of age discrimination. *See Miller*, 716 F.3d at 144.

In an attempt to show pretext, Plaintiff highlights inconsistencies in the record with respect to the asserted cost savings. Maynard and Brown testified in their depositions that the savings Defendant accrued by replacing Plaintiff with an LPN were approximately $25,000 per year. The undisputed evidence demonstrates, however, that the amounts saved were much less.

First, the nursing staff was required to be supervised by an RN. Thus, as Defendant acknowledges, after replacing Plaintiff with an LPN, it entered into a consultant agreement with two RNs from a neighboring facility whereby it would pay each RN $5,000 per year for supervisorial support. Additionally, it is uncontested that two weeks after taking over Plaintiff's job, her replacement received a raise of $6,240 per year, further cutting into the cost savings for

terminating Plaintiff. *See Easterling v. Young Men's Christian Ass'n. of Metro. Dallas*, 3:01CV299-M, 2002 WL 31245420, at *4 (N.D. Tex. Oct. 2, 2002) (finding sufficient evidence that defendant's asserted cost savings was pretext where, soon after plaintiff's termination, defendant announced plans to replace plaintiff with another high level executive who was younger).

In its summary judgment briefing, Defendant now concedes that following this raise and consultant agreement, the actual savings brought about by Plaintiff's termination and replacement were approximately $8,000 per year compared to the $25,000 per year to which Maynard and Brown testified. The Court finds that the testimonies of Defendant's managers, which failed to align with the actual cost savings that Defendant had accrued, when combined with the raise given to the LPN shortly after she replaced Plaintiff, may permit a jury to believe that Defendant's asserted justification is "unworthy of credence" and thus pretextual. *Reeves*, 530 U.S. at 143, 120 S. Ct. 2097 (quotation and citation omitted).

As additional evidence of age discrimination, Plaintiff cites to an interaction she allegedly had with Maynard concerning another employee, Johnetta Temple, a sixty-six year old nurse directly supervised by Plaintiff and two levels beneath Maynard. Temple mistakenly documented that a resident was receiving medication that the facility did not have in stock. Plaintiff recounts that, following this incident, Maynard told her "to get rid of [Temple] because of her age, she was too old to be fooling with the money . . . ." Maynard unequivocally denies making this statement.

The Fifth Circuit has held that statements may serve as evidence of unlawful age discrimination if they "first, demonstrate discriminatory animus and, second, [are] made by a person primarily responsible for the adverse employment action or by a person with influence or

leverage over the formal decisionmaker." *Berquist*, 500 F.3d at 351 (citing *Laxton v. Gap Inc.*, 333 F.3d 572, 583 (5th Cir. 2003)). The alleged comment "she was too old to be fooling with the money" easily satisfies these criteria as it (1) could be seen as attributing an employee's poor job performance to her age and (2) was purportedly made by the person directly responsible for Plaintiff's termination.

Defendant nonetheless argues that the comment was unrelated to Maynard's decision to terminate Plaintiff and is therefore not probative as to her claim. Although a comment unrelated to the employment decision at issue cannot, *standing alone*, establish discrimination, *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 366 (5th Cir. 2013), a statement need not be related to the decision at issue or even to the employee bringing suit in order to serve as *additional* probative evidence of discrimination within the *McDonnell Douglas* framework. *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 578 (5th Cir. 2003) (citation omitted); *Laxton*, 333 F.3d at 583 n.4; *see also Shattuck v. Kinetic Concepts, Inc.*, 49 F.3d 1106, 1109-10 (5th Cir. 1995) (holding a statement by supervisor that "a particular job applicant was too old" to be "highly probative" of employee's age discrimination claim); *Allain v. Bd. of Supervisors of Univ. of La. Sys.*, --- F. Supp. 3d ---, 2015 WL 300595, at *4 (W.D. La. Jan. 22, 2015) (finding statement by school dean that he wanted to replace tenured professors with younger employees to be additional circumstantial evidence as to school radio employee's claim of age discrimination).

As the Fifth Circuit has stated: "There is no proscription of evidence of discrimination against other members of the plaintiff's protected class; to the contrary, such evidence may be highly probative, depending on the circumstances." *Shattuck*, 49 F.3d at 1109-10 (collecting cases). Thus, while in dispute, Plaintiff's testimony shows that, before replacing her with an

LPN, Maynard made an ageist comment to Plaintiff about another employee's ability to perform her job. The Court finds this evidence to be probative of and relevant to the issue of discrimination.

For the foregoing reasons, the Court finds factual issues for trial as to whether Plaintiff was terminated "because of" her age. Accordingly, summary judgment is inappropriate.[1]

*Conclusion*

Defendant's Motion for Summary Judgment [36] is DENIED. Plaintiff has met her prima facie burden and has raised a genuine dispute of material fact as to whether Defendant's nondiscriminatory reason was pretext or whether she was otherwise terminated because of her age. A separate order to that effect shall issue this day.

SO ORDERED, this the 10th day of August, 2015.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court recognizes that where, as here, the Plaintiff was both hired and terminated by the same individual, there is a "presumption that animus was not present" by operation of the "same-actor inference." *Spears v. Patterson UTI Drilling Co.*, 337 F. App'x 416, 422 (5th Cir. 2009) (citing *Haun v. Ideal Industries, Inc.*, 81 F.3d 541, 545 (5th Cir. 1996)). This same-actor inference, however, does not necessarily preclude a finding of age discrimination; rather, the Court must "look at the evidence as a whole" to determine whether a jury could reasonably find discrimination. *Haun*, 81 F.3d at 545. As set forth above, the Court determines that the evidence as a whole creates a factual issue as to age discrimination in this case.